Very respectfully, .

JAMES D. WESTCOTT, JR.,<br>Justice Supreme Court of Florida.

IN THE MATTER OF THE EXECUTIVE COMMUNICATION OF NOVEMBER 8, 1875.

1. Section 2 of Article IV of the Constitution of this State authorized annual sessions of the Legislature. This clause was amended, the amendment providing that the section " *is hereby amended so as to read as follows*," inserting a clause authorizing biennial sessions of the Legislature " from and after the first Tuesday after the first Monday in January, 1877."

2. By this action the old section ceased to have any operation, and there was no constitutional authority left for annual sessions.  The section as amended became by express language of the amendment the whole law upon the subject.  The new section was to be " read" in lieu of the old one.

EXECUTIVE OFFICE, }
TALLAHASSEE, FLA., November 8, 1875. }
*To the Honorable Justices of the Supreme Court:*

GENTLEMEN: Section 2 of Article IV of the Constitution of this State originally read as follows:

"SECTION 2. The session of the Legislature shall be annual, the first session on the second Monday of June, A. D. 1868, and thereafter on the first Tuesday after the first Monday of January, commencing in the year A. D. 1869. The Governor may, in the interim, convene the same in extra session by his proclamation."

The sixth amendment to the Constitution, adopted by the Legislature and ratified by the people during the current year, reads as follows, viz:

"Section 2 of Article IV of the Constitution is hereby amended so as to read as follows:

"SECTION 2. From and after the first Tuesday after the first Monday in January, A. D. one thousand eight hundred and seventy-seven, the regular session of the Legislature shall be held biennially, commencing on said day and on the corresponding day of every second year thereafter; but the Governor may convene the same in extra session by his proclamation."

I would respectfully request your opinion on the following points, viz:

As the original section which provided for an annual session is repealed by the substitution of the above amendment, and as this amendment makes no provision for any regular sessions until the first Tuesday after the first Monday in January, A. D. 1877, is there any authority for a regular session of the Legislature on the first Tuesday after the first Monday of January, 1876, as would have been the case provided this amendment had not been adopted, or will it be necessary for me to convene the Legislature in extra session in order to secure a session of that body previous to 1877?

I have the honor to be, very respectfully, your obedient servant,                M. L. STEARNS, Governor.

JACKSONVILLE, FLA., November 15, 1875.
*To His Excellency the Governor :*

SIR: I have the honor to acknowledge the receipt, this day of your communication of the 8th instant, inquiring of the Justices of the Supreme Court whether there is " any authority for a regular session of the Legislature on the first Tuesday after the first Monday in January, 1876," since the adoption of the recent amendment of the Constitution prescribing biennial sessions.

I respectfully reply that the original section 2 of Article IV, which provided for annual sessions of the Legislature, having been abrogated by the amendment, and there remaining no provision anywhere for a regular session in January, A. D. 1876, such session would be unauthorized.

The original section provided that the Governor might convene the Legislature in extra session by his proclamation, and this provision is not changed, but is reiterated by the amendment.

If a session of the Legislature is to be held before 1877, it must be in virtue of such proclamation. I have the honor to remain, very respectfully,.

E. M. RANDALL, Chief Justice.

TALLAHASSEE, FLA., November 9, 1875.
*His Excellency, M. L. Stearns, Governor of Florida, Tallahassee, Fla. :*

SIR: I have before me your communication of this morning. Without stating or repeating the questions, I have the honor to reply :

There are many cases in which the letter of an act of the Legislature is made to yield to the spirit and intention of the law-making power. The rules to ascertain this spirit nad intention are, for the most part, simple in their nature. In this case, however, admitting the application of the rule

to changes in the organic law, the Legislature and the people have, by their action, left nothing to construction. To say that this section, as amended, which is the entire law, authorized a session in January, 1876, would be simple judicial legislation.

In all of the States in which the method of amendment here followed has been adopted, the unvarying rule is that nothing of the old section which is omitted from the new section as enacted, is, in the future, operative as law.

The very purpose of requiring the section, as amended, to be published entire, is to give certainty, by declaring the *whole law*, leaving nothing open for construction.

The Legislature and people, by *expressly omitting* all authority for a session in January, 1876, from the new section, and nothing but the new section being now operative as law, it follows, necessarily, that there is no constitutional sanction for any regular session until the first Tuesday after the first Monday in January, A. D. 1877.

Having had nothing to do with this amendment, I am, as a matter of fact, ignorant of the purposes of its author, if it was other than I have defined it, nor am I sufficiently advised of the opinions of the members of the Legislature to know what may have been their individual views.

As the section, as amended, retains the power of the Governor to call an extra session, this, as a matter of course, is within your Executive discretion.

Very respectfully,

JAMES D. WESTCOTT, JR.,
Justice Supreme Court of Florida.

VANVALKENBURGH, J., assented.